**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0611-20

BETH LASCH,

    Plaintiff-Appellant,

v.

BOROUGH OF KEYPORT,

    Defendant-Respondent.

_____

Submitted December 15, 2021 – Decided February 9, 2022

Before Judges Whipple and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0156-20.

Beth Lasch, appellant pro se.

Manna & Bonello, PA, attorneys for respondent (John L. Bonello, on the brief).

PER CURIAM

    Plaintiff, Beth Lasch, appeals from the trial court's September 14, 2020, denial of her motion to reconsider an order granting summary judgment to

defendant, the Borough of Keyport. Because plaintiff's motion for reconsideration is time-barred, we affirm.

On January 13, 2020, plaintiff filed a complaint against defendant, the Borough of Keyport (the Borough). She alleged that the Borough engaged in tortious interference with prospective economic advantage, breached a contract, and committed fraud.

On March 2, 2020, the Borough moved to dismiss, which was treated as a motion for summary judgment. On March 24, 2020, plaintiff filed three motions: (1) to stay all actions until conflicts are resolved regarding transfer of venue and counsel disqualification; (2) to transfer the matter to another venue due to conflict of interest; and (3) to disqualify the Borough's attorney pursuant to the Rules of Professional Conduct (RPC).

On July 7, 2020, Judge Linda Grasso Jones issued three orders denying each of plaintiff's motions and issued an order granting summary judgment to the Borough. The Borough served the order on July 9, 2020, which plaintiff did not dispute.

On July 30, 2020, plaintiff filed a motion to reconsider the order granting summary judgment to the Borough and to allow her to transfer venue due to the alleged conflict of interest. On August 1, 2020, plaintiff certified that she sent

2

the notice of motion to the Borough by regular mail. On August 7, 2020, plaintiff again moved to request that Judge Grasso Jones recuse herself due to a conflict of interest.

On September 14, 2020, the court held oral argument via Zoom. Plaintiff asserted that Judge Grasso Jones had ties to the Borough, the Borough's insurance company, and its counsel. She also argued for the first time that the Borough's motion to dismiss was untimely. Judge Grasso Jones acknowledged that her prior law firm, Cleary, Alfieri & Grasso, represents the Borough's joint insurance fund, which is not a party to the present matter. The court also noted that the Borough's relevant conduct did not occur while Judge Grasso Jones was associated with the law firm. Moreover, Judge Grasso Jones found that plaintiff presented no evidence demonstrating that Judge Grasso Jones is connected with the Borough or any of the parties.

The judge also carefully considered whether she was required to disqualify herself under Rule 3.17 of the New Jersey Code of Judicial Conduct. The judge had no personal knowledge of or bias towards the Borough, no financial interest in the Borough, no relatives involved in the proceeding, no social relationship with the parties or counsel for the parties, and no prior professional relationships involving the parties.

3

The court denied plaintiff's motions (1) to reconsider the order granting summary judgment to the Borough and (2) to request that the court transfer venue of the action and that the court recuse itself. The court concluded that plaintiff's motion for reconsideration was untimely under Rule 4:49-2, and that Rule 1:3-4(c) prohibited it from enlarging the time specified in Rule 4:49-2. To provide a complete record, the court also considered the substance of plaintiff's motion and concluded there was no basis for recusal and that plaintiff presented the same issues that were previously decided. This appeal followed.

We review a trial court's denial of a plaintiff's Rule 4:49-2 motion for reconsideration under the abuse of discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

Plaintiff argues that the court erred in declining to grant additional time pursuant to Rule 1:3-3 for her to file a motion for reconsideration. She does not dispute that the Borough served an order granting it summary judgment on July 9, 2020, but argues that she could not download the summary judgment order on a public library computer, and that she was unable to access the order until it arrived by ordinary mail on July 12, 2020. Thus, she argues that, because she accessed the order on July 12, 2020, her motion to reconsider filed on July 30, 2020, was timely. Her argument lacks merit.

A-0611-20

Rule 4:49-2 provides: "[e]xcept as otherwise provided by [Rule] 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it. . . ." Rule 1:3-3 provides: "[w]hen service of a notice or paper is made by ordinary mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, [three] days shall be added to the period." Rule 1:3-4(c), moreover, prohibits the parties and the court from enlarging the time specified by Rule 4:49-2.

Here, the trial court properly denied plaintiff's motion for reconsideration on procedural grounds by applying Rule 4:49-2 and Rule 1:3-4(c). Rule 4:49-2 permits a party to file and serve a motion for consideration no later than twenty days after the service of the order. Rule 1:3-4(c) bars the court from increasing this twenty-day period as Rule 1:3-3 would otherwise permit.

Additionally, although the court did not need to conduct a substantive analysis, it properly denied plaintiff's motion for reconsideration on the merits. A court may grant a motion for reconsideration when "the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis" or when the court obviously "did not consider, or failed to appreciate the significance of probative,

A-0611-20

competent evidence." Branch, 459 N.J. Super. at 541. Plaintiff filed a motion to reconsider the order granting summary judgment to the Borough and to request a venue transfer due to the court's alleged conflict of interest, the same issues that were addressed and decided in a prior motion. Plaintiff "offered no new evidence, citations, or explanation with any tendency to show that the court's decision to grant summary judgment was palpably incorrect or irrational, or that the court failed to appreciate the significance of probative, competent evidence." Kornbleuth v. Westover, 241 N.J. 289, 308 (2020).

We do not address plaintiff's remaining arguments as they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0611-20